# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: H.W. & R.W.**

**No. 15-0019** (Nicholas County 14-JA-46 & 14-JA-47)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.W., by counsel John Anderson II, appeals the Circuit Court of Nicholas County's December 8, 2014, order terminating her parental rights to H.W. and R.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Julia Callaghan, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her an extension of her post-adjudicatory improvement period and in finding that there was no reasonable likelihood that the conditions of abuse and neglect could substantially be corrected.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging (1) that her drug abuse impaired her ability to provide proper care for her children; (2) educational neglect; (3) failure to provide a safe home; and (4) domestic violence. Several months later, petitioner entered into a stipulated adjudication wherein she admitted that her drug abuse impaired her ability to provide proper care for her children. Subsequently, the circuit court granted petitioner a post-adjudicatory improvement period. The terms and conditions of the improvement period required petitioner to remain drug and alcohol free; submit to random drug screens and a psychological evaluation; attend drug counseling and in-patient treatment; attend Narcotics Anonymous meetings; obtain safe housing and employment; attend domestic violence classes; and supervised visitation.

In September of 2014, the circuit court held a review hearing. A Child Protective Services worker testified that petitioner failed to: remain drug free; follow the recommendations

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed at the time of the lower court proceedings.

of her psychological evaluation; participate in in-patient substance abuse treatment and attend Narcotics Anonymous meetings; attend domestic violence counseling; and to participate in supervised visitation with her children. Despite finding that petitioner "[was] not making a good faith effort to complete the requirements of [her] improvement period" the circuit court continued petitioner's post-adjudicatory improvement period.

In October of 2014, the circuit court held a dispositional hearing. The DHHR presented evidence that petitioner was admitted into a long-term drug treatment program but that she withdrew from the program after one day and missed a recent drug screen. Further, Doctor Timothy Saar testified that petitioner "has a strong tendency to minimize her substance abuse issues" and that, based upon her multiple unsuccessful attempts to remain sober, her likelihood of improvement was "poor." As such, the circuit court terminated petitioner's parental rights to her children. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the circuit court's denial of petitioner's motion for an extension of her post-adjudicatory improvement period or in finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect.

Petitioner's first assignment of error is that the circuit court erred in not extending her post-adjudicatory improvement period. Petitioner's assertion is belied by the record. Petitioner was granted a post-adjudicatory improvement period in June of 2014. The circuit court held a review hearing on petitioner's improvement period in September of 2014, during which the circuit court found that "the terms and conditions of the improvement period shall continue." Therefore, we find no error.

Petitioner also argues that the circuit court erred in finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect. Pursuant to West Virginia Code § 49-6-5(b)(3), a respondent parent's failure to respond or to follow through with a reasonable family case plan or other rehabilitative efforts constitutes circumstances in

which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. Further, West Virginia Code § 49-6-5(a)(6) expressly provides for termination "upon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected *in the near future* and when necessary for the welfare of the child." (Emphasis added). The record clearly demonstrates that petitioner failed to substantially correct the conditions that led to the abuse and neglect, including a post-adjudicatory improvement period and one extension. Although petitioner argues that she took steps towards her sobriety, the record on appeal reveals that petitioner failed to: remain drug free; follow the recommendations of her psychological evaluation; participate in long-term substance abuse treatment and attend Narcotics Anonymous meetings; attend domestic violence counseling; and participate in supervised visitation with her children. As such, petitioner failed to respond or follow through with the rehabilitative services. Therefore, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 8, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II